# **EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEANETTE BASS,** | ) | |
| | ) | **Case No. 19 CV 7557** |
| **Plaintiff,** | ) | |
| v. | ) | **Judge John Kness** |
| | ) | |
| **SGT. ANDREW DAKURAS,** | ) | |
| **individually, and THE CITY OF** | ) | |
| **CHICAGO, a Municipal Corporation,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## **COVER LETTER**

    Exhibit 3 is Defendant Andrew Dakuras' Amended Answer to Complaint filed on May 12, 2020.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeanette Bass, ) | |
| ) | Case No. 2019 CV 7557 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Sgt. A. Dakuras, Individually, and the ) | |
| City of Chicago, a Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT SERGEANT ANDREW DAKURAS' AMENDED ANSWER TO COMPLAINT

Sergeant Andrew Dakuras ("Defendant"), by and through one of his attorneys, Emily E. Dory, submit his Amended Answer, Jury Demand and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

### COUNT I - FALSE ARREST

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JEANETTE BASS, accomplished by acts and/or omissions of the Defendant, SGT. DAKURAS, committed under color of law.

**ANSWER**: Defendant admits that that Plaintiff is bringing this action as alleged but denies any deprivations of Plaintiff's civil rights, denies Plaintiff has fully and accurately stated any acts and/or omissions of Defendant and further denies any wrongdoing or other unlawful conduct described herein.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER**: Defendant admits that jurisdiction is proper.

3. The Plaintiff, JEANETTE BASS, was at all relevant times, a United States citizen and a resident of the State of Illinois.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4. At all relevant times, the Defendant, SGT. A DAKURAS was a duly appointed Chicago Police Officer acting within the scope of his employment and under color of law.

**ANSWER**: Defendant admits the allegations contained in this paragraph.

5. On or about June 23, 2019, the Plaintiff was sitting in her home at 260 E Chestnut in Chicago, Illinois.

**ANSWER**: Defendant admits that on or about June 23, 2019, Plaintiff was at 260 E. Chestnut in Chicago, Illinois; but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

6. The Plaintiff had previously filed a police report regarding trespassing by her management company.

**ANSWER**: Defendant admits that Plaintiff filed a police report but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

7. The Plaintiff called the Police Department to correct the report.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

8. The Plaintiff was informed to call 911 to make another report.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. The Plaintiff called the police and SGT. DAKURAS was sent to her home.

**ANSWER**: Defendant admits the allegations contained in this paragraph.

10. The Plaintiff was not committing a crime or breaking any laws.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

11. The Plaintiff was on private property.

**ANSWER**: Defendant admits the allegations contained in this paragraph.

12. The Defendant came upon the scene and started to harass the Plaintiff.

**ANSWER**: Defendant admits that he responded to 260 E. Chestnut, but denies the remaining allegations contained in this paragraph.

13. The Defendant SGT. DUKURAS started to physically manhandle the Plaintiff.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

14. The Plaintiff JEANETTE BASS was injured.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

15. To cover up the Defendant's abusive behavior, SGT. DUKARUS took the Plaintiff, JEANATTE BASS, into custody.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

16. The Defendant took the Plaintiff to the hospital and had her involuntarily admitted into a psychiatric ward.

**ANSWER**: Defendant admits that Plaintiff was involuntary admitted into a psychiatric ward but denies the remaining allegations contained in this paragraph.

17. There was no probable cause to seize the Plaintiff JEANETTE BASS.

**ANSWER**: Defendant denies that Plaintiff has fully and accurately stated the applicable law and furthermore denies the allegations contained in this paragraph.

18. At all relevant times, the Defendant, SGT. DAKURAS was acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER**: Defendant admits that at all relevant times he was acting pursuant to customs and policies of the Chicago Police Department, but denies any wrongdoing or other unlawful conduct described herein.

19. The actions of the Defendant, SGT. DAKURAS, were intentional, willful and with malice.

**ANSWER**: Defendant denies the Plaintiff has fully and/or accurately described the actions of Defendant herein and therefore denies the allegations contained in this paragraph.

20. Said actions of the Defendant, SGT. DAKURAS violated the Plaintiff, JEANETTE BASS 's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

21. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff, JEANETTE BASS, suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, damage to her professional reputation, monetary loss, pain and suffering and future pain and suffering.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

## COUNT II — EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JEANETTE BASS, accomplished by acts and/or omissions of the Defendant, SGT. DAKURAS committed under color of law.

**ANSWER**: Defendant admits that that Plaintiff is bringing this action as alleged but denies any deprivations of Plaintiff's civil rights, denies Plaintiff has fully and accurately stated any acts and/or omissions of Defendant and further denies any the wrongdoing or other unlawful conduct described herein.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER**: Defendant admits that jurisdiction is proper.

3. The Plaintiff, JEANETTE BASS, was at all relevant times, a United States citizen and a resident of the State of Illinois.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

4. At all relevant times, the Defendant, SGT. DAKURAS was a duly appointed Chicago Police Officer acting within the scope of his employment and under color of law.

**ANSWER**: Defendant admits the allegations contained in this paragraph

5. On or about June 23, 2019, the Plaintiff was sitting inside her home at 260 Chestnut in Chicago, Illinois.

**ANSWER**: Defendant admits that on or about June 23, 2019, the Plaintiff was at 260 E. Chestnut in Chicago, Illinois but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

6. The Plaintiff was not committing a crime or breaking any laws.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

7. The Plaintiff was on private property looking for police assistance.

**ANSWER**: Defendant admits the allegations contained in this paragraph.

8. The Defendants came upon the scene / residence to investigate with full knowledge that the Plaintiff had called police and was informed that she had post traumatic stress disorder.

**ANSWER**: Defendant denies Plaintiff has fully and accurately stated the events of June 23, 2019 and therefore denies the allegations contained in this paragraph.

9. The Plaintiff complied with the orders of the police and cooperated.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

10. The Defendant, SGT. DAKURAS, then took the Plaintiff, JEANETTE BASS into custody after physically attacking her.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

11. At all relevant times, the Defendant, P [sic] SGT. DAKURAS, was acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER**: Defendant admits that at all relevant times he was acting pursuant to customs and policies of the Chicago Police Department. Answering further, Defendant denies any wrongdoing or other unlawful conduct described herein.

12. The Plaintiff, JEANETTE BASS, was physically injured.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

13. The actions of the Defendant, SGT. DAKURAS, were intentional, willful and with malice.

**ANSWER**: Defendant denies the Plaintiff has fully and/or accurately described the actions of Defendant herein and therefore denies the allegations contained in this paragraph.

14. Said actions of the Defendant, SGT. DAKURAS, violated the Plaintiff, JEANETTE BASS's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

15. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff JEANETTE BASS suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, emotional distress, monetary loss, pain and suffering and future pain and suffering.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

### COUNT III — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-15. Plaintiff hereby re-alleges and incorporates her allegations of paragraphs 3-17 of Count II as her respective allegations of paragraph 1-15 of Count III as though fully set forth herein.

**ANSWER**: Defendant reasserts his answers contained in paragraphs 3-17 of Count II and incorporates his answers herein, as though fully stated.

6

16. Despite the fact that Defendant SGT. DAKURAS had knowledge that the Plaintiff had called the police for assistance and suffered from PTSD, the Defendant forcibly detained and seized the Plaintiff JEANETTE BASS.

**ANSWER**: Defendant denies Plaintiff has fully and accurately stated the events of June 23, 2019 and therefore denies the allegations contained in this paragraph.

17. From there, Defendant SGT. DAKURAS placed the Plaintiff in handcuffs as though she had committed a crime, and did so in a manner in which it was intended, or reasonably certain, to cause extreme discomfort to the Plaintiff and psychological trauma.

**ANSWER**: Defendant admits at some point that he placed Plaintiff in handcuffs but denies Plaintiff has fully and accurately stated the events of June 23, 2019 and furthermore denies the remaining allegations contained in this paragraph.

18. These actions taken by Defendant SGT. DAKURAS were extreme and outrageous.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

19. Defendant SGT. DAKURAS acted in the manner aforesaid intending to aggravate the Plaintiff's pre-existing mental disorder, or at the very least knowing that it was highly probable that said conduct would aggravate the Plaintiff's pre-existing mental disorder.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

20. As a direct and proximate result of the aforementioned acts and/or omissions, Plaintiff suffered fear, humiliation, embarrassment, and severe and great mental and emotional pain and anguish, and will in the future continue to suffer. Plaintiff further expended and became liable for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said mental and emotional injuries.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

21. At no time during the encounter with Defendant SGT. DAKURAS did the Plaintiff attempt to physically resist or provoke the Defendants, and the Plaintiff did not otherwise contribute to the cause of her injuries.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

**COUNT IV — CITY OF CHICAGO/MONELL POLICY**

7

1- 14 . The Plaintiff hereby re-alleges and incorporates her allegations of paragraphs 1 - 14 of Count II as her respective allegations of paragraph 1-14 of Count IV as though fully set forth herein.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer.

15. The Defendant SGT. DAKURAS has a long standing history of unlawful, excessive confrontations with citizens, issuing excessive force, and falsely arresting them.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

16. The CITY OF CHICAGO has been aware of his longstanding history costing it large amounts of money in settlements, judgments, and legal fees.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

17. The Defendant CITY OF CHICAGO has a custom, practice, and policy, to allow Defendant SGT. DAKURAS to abuse people and "pick up the tab."

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

18. As a result of this custom, practice, and policy, the Plaintiff JEANETTE BASS was unlawfully seized, taken into custody, and physically abused.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

19. Said custom, practice, and policy was the proponent behind the violation against JEANETTE BASS, violating her Fourth and Fourteenth Amendment rights of the U.S. Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

20. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff JEANETTE BASS suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, emotional distress, monetary loss, pain and suffering and future pain and suffering.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer.

## COUNT V — CITY OF CHICAGO/INDEMNIFICATION

1-16 The Plaintiff, JEANETTE BASS, hereby re-alleges and incorporates her allegations of paragraphs 1-16 of Count I and III as her respective allegations of paragraph 1-16 of Count V as though fully set forth herein.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

17. Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

18. Defendant, SGT. DAKURAS, is or was an employee of the City of Chicago Police Department and acted within the scope of his employment in committing this misconduct described herein.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

19. If Defendant, SGT. DAKURAS, is found liable for any of the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff, JEANETTE BASS, any judgment obtained against said Defendant.

**ANSWER**: This count is not directed at Defendant; therefore, Defendant makes no answer

WHEREFORE, Defendant, Sergeant Andrew Dakuras, respectfully requests that judgment be entered in his favor and against Plaintiff in this matter on all counts, including for costs for defending this suit, and any other relief this Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to qualified immunity. He is a government official who performs discretionary functions. At the time of the incident referenced in Plaintiff's Complaint, upon information and belief, the sergeant involved in the incident was an on-duty member of the Chicago Police Department who was executing and enforcing the law. At all times relevant to Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the sergeant could have believed their action to be

       lawful, in light of clearly established law and the information that the sergeant possessed at the time.

2.   To the extent Plaintiff failed to mitigate any of her claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate her damages, commensurate with the degree of failure to mitigate attributed to Plaintiff.

3.   To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter.

4.   To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any willful and wanton conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41 (1995).

5.   Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendant is not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

6.   As to any state law claim alleged by Plaintiff, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Defendant is a public

10

employees and his respective acts and omissions rendered at all times material to the events alleged in Plaintiff's Complaint were neither willful nor wanton, thus, Defendant has immunity from Plaintiff's claims.

7. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendant is a public employee, who at all times material to the events alleged in Plaintiff's Complaint, acted within the scope of his employment and are, therefore, not liable for the acts or omissions of other people.

8. As to any state law claim alleged by Plaintiff, Defendant is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

**AMENDED AFFIRMATIVE DEFENSE, May 12, 2020:**

9. Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. (745 ILCS 10/4-102).

## JURY DEMAND

Defendant requests a trial by jury for all issues so triable.

>/s/ *Emily E. Dory*
> Emily E. Dory
> Assistant Corporation Counsel III
> City of Chicago Law Department
> 30 North LaSalle Street, Suite 900

Chicago, IL 60602
(312) 742-6423 (Phone)
(312) 744-6566 (Fax)

Allison Romelfanger, Assistant Corporation Counsel Supervisor
Laniya Moore, Assistant Corporation Counsel III
*Attorneys for Defendant Dakuras*

12

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jeanette Bass, ) | |
| ) | Case No. 2019 CV 7557 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Sgt. A. Dakuras, Individually, and the ) | |
| City of Chicago, a Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

    **PLEASE TAKE NOTICE** that on this 12 day of May 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT SERGEANT ANDREW DAKURAS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means via ECF to the person named above at the address shown this 12th day of May 2020.

                                  */s/ Emily E. Dory*
                                   Emily E. Dory
                                  Assistant Corporation Counsel III