# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEANETTE BASS, | ) |
| | ) Case No. : 19 CV 7557 |
| Plaintiff, | ) |
| v. | ) Judge |
| | ) |
| SGT. A. DAKURAS, Individually, and | ) Magistrate Judge |
| THE CITY OF CHICAGO, a Municipal | ) |
| Corporation, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

### COMPLAINT

**NOW COMES** the Plaintiff, JEANETTE BASS, by and through her attorneys Gregory E. Kulis & Associates, Ltd., complaining against the Defendants, SGT. A. DAKURAS and the CITY OF CHICAGO, a municipal corporation, individually as follows:

### COUNT I - FALSE ARREST

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JEANETTE BASS, accomplished by acts and/or omissions of the Defendant, SGT. DAKURAS, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, JEANETTE BASS, was at all relevant times, a United States citizen and a resident of the State of Illinois.

4. At all relevant times, the Defendant, SGT. A DAKURAS was a duly appointed Chicago Police Officer acting within the scope of his employment and under color of law.

5. On or about June 23, 2019, the Plaintiff was sitting in her home at 260 E Chestnut in Chicago, Illinois.

6. The Plaintiff had previously filed a police report regarding trespassing by her management company.

7. The Plaintiff called the Police Department to correct the report.

8. The Plaintiff was informed to call 911 to make another report.

9. The Plaintiff called the police and SGT. DAKURAS was sent to her home.

10. The Plaintiff was not committing a crime or breaking any laws.

11. The Plaintiff was on private property.

12. The Defendant came upon the scene and started to harass the Plaintiff..

13. The Defendant SGT. DUKURAS started to physically manhandle the Plaintiff.

14. The Plaintiff JEANETTE BASS was injured.

15. To cover up the Defendant's abusive behavior, SGT. DUKARUS took the Plaintiff, JEANATTE BASS, into custody.

16. The Defendant took the Plaintiff to the hospital and had her involuntarily admitted into a psychiatric ward.

17. There was no probable cause to seize the Plaintiff JEANETTE BASS.

18. At all relevant times, the Defendant, SGT. DAKURAS was acting pursuant to the customs and policies of the Chicago Police Department.

19. The actions of the Defendant, SGT. DAKURAS, were intentional, willful and with malice.

20. Said actions of the Defendant, SGT. DAKURAS violated the Plaintiff, JEANETTE BASS's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

2

21. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff, JEANETTE BASS, suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, damage to her professional reputation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, JEANETTE BASS, prays for judgment in her favor and against the Defendant, SGT. DAKURAS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II – EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JEANETTE BASS, accomplished by acts and/or omissions of the Defendant, SGT. DAKURAS committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, JEANETTE BASS, was at all relevant times, a United States citizen and a resident of the State of Illinois.

4. At all relevant times, the Defendant, SGT. DAKURAS was a duly appointed Chicago Police Officer acting within the scope of his employment and under color of law.

5. On or about June 23, 2019, the Plaintiff was sitting inside her home at 260 Chestnut in Chicago, Illinois.

6. The Plaintiff was not committing a crime or breaking any laws.

7. The Plaintiff was on private property looking for police assistance.

3

8. The Defendants came upon the scene / residence to investigate with full knowledge that the Plaintiff had called police and was informed that she had post traumatic stress disorder.

9. The Plaintiff complied with the orders of the police and cooperated.

10. The Defendant, SGT. DAKURAS, then took the Plaintiff, JEANETTE BASS into custody after physically attacking her.

11. At all relevant times, the Defendant, P SGT. DAKURAS, was acting pursuant to the customs and policies of the Chicago Police Department.

12. The Plaintiff, JEANETTE BASS, was physically injured.

13. The actions of the Defendant, SGT. DAKURAS, were intentional, willful and with malice.

14. Said actions of the Defendant, SGT. DAKURAS, violated the Plaintiff, JEANETTE BASS's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

15. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff JEANETTE BASS suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, emotional distress, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, JEANETTE BASS, prays for judgment in her favor and against the Defendant, SGT. DAKURAS, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-15. Plaintiff hereby re-alleges and incorporates her allegations of paragraphs 3-17 of Count II as her respective allegations of paragraph 1-15 of Count III as though fully set forth herein.

4

16. Despite the fact that Defendant SGT. DAKURAS had knowledge that the Plaintiff had called the police for assistance and suffered from PTSD, the Defendant forcibly detained and seized the Plaintiff JEANETTE BASS.

17. From there, Defendant SGT. DAKURAS placed the Plaintiff in handcuffs as though she had committed a crime, and did so in a manner in which it was intended, or reasonably certain, to cause extreme discomfort to the Plaintiff and psychological trauma.

18. These actions taken by Defendant SGT. DAKURAS were extreme and outrageous.

19. Defendant SGT. DAKURAS acted in the manner aforesaid intending to aggravate the Plaintiff's pre-existing mental disorder, or at the very least knowing that it was highly probable that said conduct would aggravate the Plaintiff's pre-existing mental disorder.

20. As a direct and proximate result of the aforementioned acts and/or omissions, Plaintiff suffered fear, humiliation, embarrassment, and severe and great mental and emotional pain and anguish, and will in the future continue to suffer. Plaintiff further expended and became liable for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said mental and emotional injuries.

21. At no time during the encounter with Defendant SGT. DAKURAS did the Plaintiff attempt to physically resist or provoke the Defendants, and the Plaintiff did not otherwise contribute to the cause of her injuries.

**WHEREFORE**, Plaintiff, JEANETTE BASS, requests that this court enter a judgment against Defendant, SGT. DAKURAS, for a sum of money in excess of fifty thousand dollars ($50,000.00) plus the costs of this suit and demands that the issues joined herein be tried by jury.

## COUNT IV – CITY OF CHICAGO/MONELL POLICY

1-14. The Plaintiff hereby re-alleges and incorporates her allegations of paragraphs 1-14 of Count II as her respective allegations of paragraph 1-14 of Count IV as though fully set forth herein.

15. The Defendant SGT. DAKURAS has a long standing history of unlawful, excessive confrontations with citizens, issuing excessive force, and falsely arresting them.

16. The CITY OF CHICAGO has been aware of his longstanding history costing it large amounts of money in settlements, judgements, and legal fees.

17. The Defendant CITY OF CHICAGO has a custom, practice, and policy, to allow Defendant SGT. DAKURAS to abuse people and "pick up the tab."

18. As a result of this custom, practice, and policy, the Plaintiff JEANETTE BASS was unlawfully seized, taken into custody, and physically abused.

19. Said custom, practice, and policy was the proponent behind the violation against JEANETTE BASS, violating her Fourth and Fourteenth Amendment rights of the U.S. Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

20. As a direct and proximate consequence of said conduct of the Defendant, SGT. DAKURAS, the Plaintiff JEANETTE BASS suffered violations of her constitutional rights, emotional anxiety, fear, humiliation, embarrassment, emotional distress, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff prays for a judgment of compensatory damages against the Defendant, CITY OF CHICAGO, plus attorneys' fees and costs.

## COUNT V – CITY OF CHICAGO/INDEMNIFICATION

1-16  The Plaintiff, JEANETTE BASS, hereby re-alleges and incorporates her allegations of paragraphs 1-16 of Count I and III as her respective allegations of paragraph 1-16 of Count V as though fully set forth herein.

17.  Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

18.  Defendant, SGT. DAKURAS, is or was an employee of the City of Chicago Police Department and acted within the scope of his employment in committing this misconduct described herein.

19.  If Defendant, SGT. DAKURAS, is found liable for any of the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff, JEANETTE BASS, any judgment obtained against said Defendant.

**WHEREFORE**, should the individual Defendant, SGT. DAKURAS, be found liable for any of the acts alleged above, the Defendant, CITY OF CHICAGO, would be liable to pay the Plaintiff, JEANETTE BASS any judgment obtained against the Defendant plus attorneys' fees and costs.

### JURY DEMAND

The Plaintiffs, JEANETTE BASS hereby requests a trial by jury.

Respectfully Submitted

JEANETTE BASS

/s/ Gregory E. Kulis

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830